

# NUMBER 13-26-00029-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

TERRI CRAWFORD,                                                          Appellant,

v.

RRE SANTA ROSA HOLDINGS LLC
D/B/A THE PALMER AT LAS COLINAS,                          Appellee.

## ON APPEAL FROM THE COUNTY COURT AT LAW NO. 4
## OF DALLAS COUNTY, TEXAS

# MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices Silva and Cron**
**Memorandum Opinion by Chief Justice Tijerina**

This matter is before the Court on appellant's failure to file a brief.[1] On April 21,

2026, the Clerk of the Court notified appellant that the briefing time schedule had begun.

---

[1] This case is before the Court on transfer from the Fifth Court of Appeals pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX GOV'T CODE §§ 22.220(a) (delineating the jurisdiction of appellate courts), 73.001 (granting the supreme court the authority to transfer cases from one court of appeals to another at any time that there is "good cause" for the transfer). We are bound by the precedent of the transferring court to the extent that it differs from our own. *See* TEX. R. APP. P. 41.3

The notice was issued via email; however, the email was undeliverable, so the Clerk of the Court unsuccessfully attempted to reach appellant by telephone. On May 4, 2026, the Clerk of the Court sent a copy of the notice via regular mail. On June 1, 2026, the Clerk of the Court notified appellant that appellant's brief was past due. Appellant was further notified that if appellant fails to reasonably explain the failure to file a brief within ten days from the date of the notice, the appeal shall be dismissed for want of prosecution. *See* TEX. R. APP. P. 38.8(a)(1), 42.3(b), (c). On July 9, 2026, the late brief notice, sent certified mail (return receipt requested) via the United States Postal Service, was returned to the Court and marked "unclaimed" and "unable to forward."

Texas Rule of Appellate Procedure 9.1(b) requires unrepresented parties to sign any document filed and "give the party's mailing address, telephone number, fax number, if any, and email address." *See Id*. R. 9.1(b). Appellant has failed to provide a correct mailing address and has otherwise failed to respond to the clerk's notices. Furthermore, Texas Rule of Appellate Procedure 42.3 permits an appellate court, on its own initiative after giving ten days' notice to all parties, to dismiss the appeal for want of prosecution or for failure to comply with a requirement of the appellate rules. *See id.* R. 42.3(b), (c).

To date, appellant has failed to file a brief and has not otherwise responded to the clerk's notices; accordingly, the appeal is dismissed for want of prosecution. *See id.*

JAIME TIJERINA
Chief Justice

Delivered and filed on the
30th day of July, 2026.

2